UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: WILLIAM DAVID MILLSAPS
6:06-Bk-3372

WILLIAM DAVID MILLSAPS,

           Appellant,

-vs-                                  Case No. 6:07-cv-1354-Orl-31

MARIJA ARNJAS,

           Appellee.

## ORDER

In this bankruptcy appeal, the Debtor, William David Millsaps ("Millsaps"), challenges an order denying three of his motions – two seeking to avoid a lien of the Appellee, Marija Arnjas ("Arnjas"), and a third objecting to Arnjas' objection to one of his own motions. (Doc. 13 at 10). In resolving this appeal, the Court has considered Millsaps' brief[1] (Doc. 13) and Arnjas' answer brief (Doc. 14).

**I.    Background**

The following is taken from the order at issue:

Arnjas purchased the Debtor's real property through an IRS tax sale in 1987. (Doc. 1-3 at 1). Millsaps contested the sale though the Florida state courts and a previous bankruptcy case, to no avail. (Doc. 1-3 at 1). The Circuit Court of the Ninth Judicial Circuit entered an order in

---

[1] Millsaps has not filed a reply brief. *See* Bankruptcy Rule 8009(a)(3).

November 2005 quieting title in the property and finding Arnjas to be its owner.  (Doc. 1-3 at 1-2). In December 2006, following Millsaps' unsuccessful appeal of the circuit court decision, Arnjas initiated eviction proceedings against Millsaps.  (Doc. 1-3 at 2).  Millsaps filed for protection under Chapter 7 of the Bankruptcy Code, but Arnjas was granted relief from the automatic stay to pursue the eviction.  (Doc. 1-3 at 2).  Millsaps has since been evicted.  (Doc. 1-3 at 2).

Millsaps had claimed the real property as his homestead, and was seeking to avoid Arnjas' judgment lien pursuant to 11 U.S.C. § 522(f)(1)(a), which provides in pertinent part that

> the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is ... a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5).

The Bankruptcy Court determined that a homestead property is not protected from a forced sale or a judgment lien arising from the nonpayment taxes.  (Doc. 1-3 at 2).  Article X, Section 4 of the Florida Constitution provides that a homestead "shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, *except for the payment of taxes and assessments thereon*".  Because the Debtor was not entitled to exempt his homestead from a forced tax sale, the resulting judgment lien was not avoidable under Section 522(f)(1). (Doc. 1-3 at 3).

Finally, the Bankruptcy Court considered Millsaps' argument that he possessed a federal land patent that trumped Arnjas' claim to the property.  (Doc. 1-3 at 3).  The Bankruptcy Court found that all of the issues raised by the Debtor in his motions – including the land patent issue – had been fully and finally litigated by the state courts, whose determinations were entitled to

preclusive effect. (Doc. 1-3 at 3). Moreover, the Rooker-Feldman doctrine precluded the federal courts from sitting as appellate courts in regard to state court decisions.(Doc. 1-3 at 3-4).

On appeal, the Debtor essentially reiterates the arguments he made before the Bankruptcy Court. For example, he argues that the Bankruptcy Court erred by failing to consider the effect of the land patent, but he fails to address the preclusive effects of the state court rulings or the Rooker-Feldman doctrine. He also argues that the only "taxes" referred to in Article X, Section 4 of the Florida Constitution are state taxes, rather than federal taxes, but provides no authority for this contention. Moreover, even if this were true, and the state of Florida intended to protect homesteads from the consequences of any failure to pay federal taxes, the courts have held that state homestead exemptions do not protect property from the incidence of federal taxation. *See*, *e.g.*, *Korman v. I.R..S.*, 2007 WL 1206742 (S.D.Fla. 2007) (stating same and listing cases) *and U.S. v. Snyder*, 149 U.S. 210, 13 S.Ct. 846, 37 L.Ed. 705 (1893) (holding that state law cannot interfere with federal tax law). The Debtor's remaining arguments, such as that Arnjas' judgment was not good because his address was not properly recorded on it – lack evidentiary or legal support and do not warrant extended discussion.

In consideration of the foregoing, it is hereby **ORDERED AND ADJUDGED** that the decision of the Bankruptcy Court is **AFFIRMED**. The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 13, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party