# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WILLIAM DAVID MILLSAPS,**

     **Plaintiff,**

-vs-                 **Case No.  6:07-cv-1354-Orl-31GJK**

**MARIJA ARNJAS,**

     **Defendant.**

_____

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION AND DECLARATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 24)** |
| **FILED:** | **January 31, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED.**

## I.  BACKGROUND

On July 13, 2007, Appellant William David Millsaps ("Millsaps"), *pro se*, timely appealed an order

by the United States Bankruptcy Court of the Middle District of Florida, Orlando Division, wherein the

Bankruptcy Court denied reconsideration of a previous decision not to avoid a lien owned by Appellee

Marija Arnjas ("Arnjas"). *In re William David Millsaps*, 6:06-bk-03372-ABB (Doc. Nos. 82, 90, 91, 93,

95, 96) ("Bankruptcy Case"). Millsaps filed his Initial Brief of Appellant ("Appellant Brief") on October

24, 2007, and Arnjas submitted her brief in response ("Answer Brief") on November 7, 2007. Doc. Nos. 13, 14. Millsaps subsequently filed a motion to strike ("Motion to Strike") the Answer Brief arguing that Arnjas raised issues in her brief that were not raised in the Bankruptcy Case and Arnjas failed to properly cite to the record in her Answer Brief. Doc. No. 15. Millsaps' Motion to Strike contained the following conclusory allegations without any factual support or citations to the record:

1)   Millsaps cannot fashion a response to the Answer Brief because it is "insufficient as a matter of law."

2)   Arnjas has "not properly referenced the record in her Answer Brief."

3)   "This Court must enforce the rules."

4)   "Appellant has filed a record . . . The Appellee did not file a record."

Doc. No. 15 at 2-4. Following Arnjas' response (Doc. No. 16) to Millsaps' Motion to Strike, Honorable Gregory A. Presnell, United States District Judge, issued an Order on December 12, 2007, denying Millsaps' request. Doc. No. 17. Judge Presnell noted that Millsaps "failed to identify any of these allegedly newly raised issues or unsupported arguments for the Court to consider. Vague allegations that one party has not obeyed the rules are not enough to warrant striking a brief." *Id.*

On December 26, 2007, Millsaps filed Appellant's Motion for Rehearing (Doc. No. 18) of the December 12, 2007 Order. Judge Presnell denied Millsaps' Motion for Rehearing, noting: "the motion for reconsideration fails, just as the original motion did, to identify any of the newly raised issues or unsupported arguments that allegedly justify striking Appellee's brief." Doc. No. 19. Millsaps proceeded with a Notice of Appeal to the United States Court of Appeals for the Eleventh Circuit ("Notice of Appeal"), appealing the District Court's decision to deny Millsaps' Motion for Rehearing. Doc. No. 23. Millsaps presently seeks to proceed with the appeal *in forma pauperis*. Doc. No. 24.

-2-

## II.    APPLICABLE LAW

### A.    Applications for Leave to Appeal In Forma Pauperis

Section 1915 of 28 U.S.C. and Fed.R.App.P. Rule 24 govern the determination of applications to

proceed *in forma pauperis*.  *See Brown v. Pena*, 441 F. Supp. 1382, 1384 (S.D. Fla. 1977), *aff'd*, 589 F.2d

1113 (5th Cir. 1979).[1]  Section 1915 (a) provides, in relevant part:

> (1) Subject to subsection (b), any court of the United States may authorize the
> commencement, prosecution or defense of any suit, action or proceeding, civil or criminal,
> or appeal therein, without prepayment of fees or security therefor, by a person who submits
> an affidavit that includes a statement of all assets such prisoner possesses that the person
> is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of
> the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> *        *        *
>
> (3) **An appeal may not be taken in forma pauperis if the trial court certifies in writing
> that it is not taken in good faith.**

28 U.S.C. § 1915 (a) (1996) (emphasis supplied).  Congress also mandates that the Court shall dismiss a

case at any time that it determines that the action or appeal taken *in forma pauperis* is frivolous or

malicious.  28 U.S.C. § 1915 (e)(2)(B)(i).  Section 1915 (e) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been
> paid, the court shall dismiss the case at any time if the court determines that
> --
>> (A)  the allegation of poverty is untrue; or
>> (B)  the action or appeal --
>>> (I)   is frivolous or malicious;
>>> (ii)  fails to state a claim on which relief
>>>       may be granted; or
>>> (iii) seeks monetary relief against a
>>>       defendant who is immune from
>>>       such relief.

28 U.S.C. § 1915 (e)(2) (1996) (formerly § 1915 (d)).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as
binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Rule 24(a) of the Rules of Appellate Procedure provides:

**(1) Motion in the District Court.** Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

> **(A)** shows in detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> **(B)** claims an entitlement to redress; and
> **(C)** states the issues that the party intends to present on appeal.

**(2) Action on the Motion.** If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.

**(3) Prior Approval.** A party who was permitted to proceed in forma pauperis in the district-court action, or was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:

> **(A)** the district court-- before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
> **(B)** a statute provides otherwise.

**(4) Notice of District Court's Denial.** The district clerk must immediately notify the parties and the court of appeals when the district court does any of the following:

> **(A)** denies a motion to proceed on appeal in forma pauperis;
> **(B)** certifies that the appeal is not taken in good faith; or
> **(C)** finds that the party is not otherwise entitled to proceed in forma pauperis.

**(5) Motion in the Court of Appeals.** A party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4). The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1).

Fed. R. App. P. 24 (a) (2002).  An appeal may not be taken *in forma pauperis* if the trial court certifies that

the appeal is not taken in good faith.  28 U.S.C. § 1915 (a)(3); *see Coppedge v. United States*, 369 U.S.

438 (1962).  "Good faith" within the meaning of Section 1915 must be judged by an objective, not a

subjective, standard.  *See Coppedge*, 369 U.S. 438; *see also United States v. Wilson*, 707 F. Supp. 1582,

1583 (M.D. Ga. 1989), *aff'd.,* 896 F.2d 558 (11th Cir. 1990).

A petitioner demonstrates good faith when he seeks appellate review of any issue that is not frivolous.  *See Coppedge v. United States*, 369 U.S. 438 (1962); *see also Farley v. United States*, 354 U.S. 521 (1957)(absent some evident improper motive, the applicant establishes good faith by presenting any issue that is not plainly frivolous); *Hayes v. United States*, 258 F.2d 400 (5th Cir. 1958); *Meadows v. Trotter*, 855 F. Supp. 217, 219 (W.D. Tenn. 1994); *U.S. v. Durham*, 130 F. Supp. 445 (D.C. 1955) ("good faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co.*, 113 F. Supp. 281 (D.C. N.J. 1953)("in good faith" means that points on which appeal is taken are reasonably arguable); *U.S. v. Gicinto*, 114 F. Supp. 929 (W.D. Mo. 1953)(the application should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding).

## B.  Appellate Jurisdiction

Except in limited circumstances, the courts of appeals have jurisdiction for appeals from final orders only.  *See* 28 U.S.C. § 1291;  *see also Pitney Bowes, Inc. v. Mestre*, 701 F.2d 1365, 1368-69 (11th Cir. 1983).  Federal appellate jurisdiction generally depends on the existence of a decision by the district court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).  Section 1291 does not permit appeals, even from fully consummated decisions, where the decisions are steps towards a final judgment into which those decisions will merge.  *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949).  The purpose is to combine in one review all stages of the proceeding that effectively may be reviewed and corrected if and when final judgment results.  *Jordan v. AVCO Fin. Servs. of Georgia, Inc.*, 117 F.3d 1254, 1256 (11th Cir. 1997).

One exception to the "final order" rule is 28 U.S.C. § 1292(b) which authorizes the courts of appeals to exercise interlocutory review of district court orders only when the lower court certifies for review a question of law. *See* 28 U.S.C. § 1292(b) (1994) (stating that a district court may certify for interlocutory appeal "a controlling question of law as to which there is substantial ground for difference of opinion"); *Link v. Mercedes Benz of N. Am.*, 550 F.2d 860, 862-63 (3d Cir. 1977) (holding that Section 1292(b) is not designed for review of factual matters but addresses itself to a controlling question of law).

In *Cohen v. Beneficial Industrial Corp.*, 337 U.S. 541 (1949), the Supreme Court recognized a small class of non-final orders involving claims of right that are too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated. *Kaufman v. Checkers Drive-In Restaurants, Inc.*, 122 F.3d 892, 894 (11th Cir. 1997). This collateral order doctrine, established in *Cohen*, is a "narrow exception to the normal application of the final judgment rule." *Midland Asphalt Corp. v. United States*, 489 U.S. 794 (1989). To be entitled to interlocutory appeal under the collateral order doctrine, the order appealed must conclusively determine an important legal question, which question is separate from the merits of the underlying action and is not effectively reviewable in an appeal from a final judgment in the underlying action. *See Cohen*, 337 U.S. at 1225-226.

## II.   APPLICATION

Millsaps appeals this Court's Order of January 2, 2008. *See* Notice of Appeal, Docket No. 23. That Order denied Millsaps' Motion for Rehearing of the district court's decision to deny his Motion to Strike. *See* Doc. No. 19. Millsaps sought to strike the Appellee Brief as it allegedly raised new issues not addressed in the Bankruptcy Case and failed to accurately cite to the record. *See* Docket No. 15. Millsaps' Motion to Strike was denied because he did not factually substantiate his allegations. In the Motion for

-6-

Rehearing, Millsaps failed again to provide any factual support for his conclusory statements purporting to justify striking the Answer Brief. Therefore, the Court's Order properly denied Millsaps' Motion for Reconsideration because the motion was totally devoid of any factual support. Subsequently, Millsaps proceeded with the present Notice of Appeal.  For the reasons set forth above, Millsaps' appeal is factually frivolous.

Under 28 U.S.C. § 1291, the Eleventh Circuit has jurisdiction to review *final decisions* of the district court.  This Court's January 2, 2008 Order did not end the litigation of this action on the merits. Thus, it is not a "final" order as that term is used in Section 1291.  In addition, this Court did not certify the January 2, 2008 Order for interlocutory appeal under 28 U.S.C. § 1292(b).  The Order is not appealable under the exceptions set forth in 28 U.S.C. § 1292(b).  The Order does not meet the requirements of the collateral order doctrine under *Cohen v. Beneficial Industrial Corp.*, 337 U.S. 541 (1949). Therefore, there is no basis for Millsaps' appeal of the January 2, 2008 Order. For the foregoing reasons, Millsaps' appeal of the Order is patently frivolous legally.  Accordingly, it is

**RECOMMENDED** that Millsaps' motion to proceed on appeal *in forma pauperis* [Docket No. 24] be **DENIED**.

Failure to file and serve written objections to the proposed findings and recommendations in this report, pursuant to 28 U.S.C. § 636 (b)(1)(B) and (e) and Local Rule 6.02, within ten days of the date of its filing shall bar an aggrieved party from a de novo determination by the district court of issues covered in the report, and shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 13, 2008.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Counsel of Record
Unrepresented Parties
Hon. Gregory A. Presnell
Clerk of the United States Court of Appeals
for the Eleventh Circuit